IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION MEMORANDUM DECISION
Orpha Phares filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order denying her permanent total disability compensation and which compels the commission to enter a new order granting the compensation.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent record and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that we deny the requested writ.
Counsel for Ms. Phares has filed objections to the magistrate's decision. Counsel for K Mart Corporation ("K Mart"), Ms. Phares' former employer, has filed a brief in response. Counsel for the commission has done likewise. The case is now before the court for a full, independent review.
Ms. Phares was injured in March of 1987. At the time, she was working as a stock clerk for K Mart. Her workers' compensation claim has been recognized for "contusion left arm, left hip, left shoulder, low back, right hip; major depression."
After Ms. Phares applied for permanent total disability compensation, she was examined by a commission specialist in orthopedics. The doctor found no objective signs of impairment and reported that she could return to her former employment.
Ms. Phares was also interviewed by a commission psychologist who found a twenty percent impairment. The psychologist also reported that she could return to her former position of employment. In fact, he found that a return to work could be expected to be therapeutic.
A vocational assessment was done. The vocational report done as a result of that assessment indicated that Ms. Phares could perform any employment she had done in times past and a variety of other jobs.
A staff hearing officer chose to rely on the above information in determining that Ms. Phares is capable of sustained remunerative employment.
In her objection to the magistrate's decision, counsel appropriately points out the extensive information in the record which would support a finding that Ms. Phares is entitled to permanent total disability compensation. Counsel also directs attention to observations in the report of the commission psychologist which indicate that Ms. Phares has ongoing psychological problems.
If the commission had chosen to rely upon other reports, it could have reached a different conclusion. However, we cannot say that the commission abused its discretion in relying upon the reports described above. We, therefore, overrule the objections to the magistrate's decision.
As a result, we adopt the findings of fact and conclusions of law contained in the magistrate's decision and deny the requested writ of mandamus.
Objections overruled; writ denied.
PETREE and BOWMAN, JJ., concur.